# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

BRUCE WALKER and VICTORIA
WALKER,

        Plaintiffs/Appellants,

v.

ARROW EXTERMINATORS, INC.
and DOUG SNYDER, Individually,

        Defendants/Appellees.

)
)
)
)
)
)
)
)
)
)
)
)

FILED

September 17, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

Davidson Circuit No. 97C-200

Appeal No. 01A01-9809-CV-00492

APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE HAMILTON V. GAYDEN, JUDGE

For the Plaintiffs/Appellants:

James L. Harris
Nashville, Tennessee

For the Defendants/Appellees:

D. Brett Burrow
Sharon E. England
Nashville, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCURS:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

**OPINION**

This case involves alleged negligence in the termite inspection of a house. The trial court granted summary judgment in favor of the defendant exterminators, finding insufficient evidence of termite infestation at the time of inspection. We affirm.

In February 1996, Plaintiffs/Appellants Bruce and Victoria Walker ("the Walkers") were prospective buyers of a house located at 305 Cotton Blossom Court in Nashville, Tennessee. The real estate company handling the sale of the house asked Defendant/Appellee Arrow Exterminators, Inc. ("Arrow Exterminators") to inspect the home for termite infestation. On February 22, 1996, Defendant/Appellee Doug Snyder ("Snyder"), an employee of Arrow Exterminators, visually inspected the home. His inspection report noted that some areas of the residence were inaccessible, but that no visual evidence of termite infestation was found as of that date. The report stated: "[t]his report is indicative of the condition of the subject structure(s) *on the date of the inspection only....*" (emphasis in original).

The Walkers purchased the house, with the closing on February 26, 1996. Subsequently, the Walkers contacted another exterminating company, Tennessee Valley Exterminators, to purchase a contract to have the house sprayed for termites and other pests. On March 9, 1996, a sales representative of Tennessee Valley Exterminators visited the home to give the Walkers an estimate for the extermination services.

The next day, there was a swarm of termites at the Walkers' home. The Walkers contacted Tennessee Valley Exterminators, which immediately canceled its contract for extermination services. The house was eventually treated for termite infestation by Cook's Pest Control.

The Walkers filed a lawsuit on January 21, 1997, against Arrow Exterminators and Snyder, asserting that the defendants breached their duty of reasonable care in failing to properly inspect and disclose evidence of termite infestation. The defendants denied that there was visual evidence of termite infestation on the date of the inspection, February 22, 1996.

After opportunity for discovery, on July 21, 1998, the defendants moved for summary judgment, arguing that the Walkers had failed to present evidence from which the trier of fact could reasonably infer that there was termite infestation on the date of the defendants' inspection. In

support of the defendants' motion, defendant Snyder submitted an affidavit in which he asserted that his visual inspection of the home was in accordance with pest control industry standards, that there was no visible evidence of termite infestation on the date of his report, and that because of ". . . the potential for rapid growth of termites in the spring, it was possible that termite infestation was present at the time [he] conducted [his] inspection but no visible evidence of this infestation would be evident."

In opposition to the defendants' motion, the Walkers argued that the inspection report did not indicate whether Snyder inspected the crawl space under the house. Further, the Walkers asserted that the addition to the original house included a portion in which wood structure was touching the ground, which purportedly increased the risk of termite infestation. The Walkers noted that Snyder's inspection report had a section for "Additional Comments," which was left blank, and argued that Snyder should have brought to their attention the section of the addition that had wood touching the ground. The Walkers maintained that there was a genuine issue of material fact as to whether Snyder performed a careful inspection of the house.

The trial court reviewed the parties' pleadings, depositions, and the deposition and affidavit of Doug Snyder. It concluded that the record contained "no evidence sufficient to contradict the affidavit of Mr. Snyder that he complied both with the terms of the inspection agreement and the standards set by the industry." The trial court emphasized that the inspection report spoke to "the condition of the residence on the day the report was made." Consequently, the trial court granted the defendants' motion for summary judgment. From this order, the Walkers now appeal.

On appeal, the Walkers argue that the trial court erred in granting the defendants' motion for summary judgment. They contend that a genuine issue of material fact exists as to whether Snyder was negligent because the report does not indicate that Snyder checked the crawl space, the exterior, and the addition to the home. The Walkers also argue that Snyder failed to note on the "Additional Comments" section of the inspection report that the addition to the home included wood structure touching the ground. The Walkers also argue that the inspection report's limitation to the date of the inspection only makes it a contract of adhesion, contrary to Tennessee public policy.

Under Tenn.R.Civ.P. 56.04, summary judgment is to be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56.06 provides that the nonmoving party "may not rest upon the mere allegations or denials of [h]is pleading, but his . . . response, by affidavits or . . . [otherwise], must set forth specific facts showing that there is a genuine issue for trial." Moreover, the party seeking summary judgment must carry the burden of persuading the court that no genuine and material factual issues exist and that it is, therefore, entitled to judgment as a matter of law. *See Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993).

Once the moving party establishes that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. The nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial. "If he does not so respond, summary judgment . . . shall be entered against him." *Id.* at 211 (citing Tenn.R.Civ.P. 56.05, now Tenn.R.Civ.P. 56.06).

In this case, the inspection report is dated February 22, 1996. The report states expressly that it indicates the condition of the house "on the date of the inspection only. . . ." It noted that some areas were inaccessible but that no visual evidence of termite infestation was found. The termite swarm occurred on March 10, 1996.

Snyder's affidavit in support of the motion for summary judgment asserts that the inspection complied with industry standards. The Walkers offered no expert testimony to refute this. Snyder's affidavit also observes that termite swarms can grow rapidly in the spring, and notes that a termite infestation could have been present on the date of his inspection and yet not have been visible. This assertion is likewise unrefuted in the record.

A similar set of facts existed in *Fuller v. Feingold*, No. 02A01-9809-CV-000252, 1999 Tenn. App. LEXIS 275 (Tenn. App. Apr. 28, 1999), in which a termite inspection was performed prior to the purchase of a home, and active termite infestation was detected some time later, after the closing on the house. *Id.* at *3. In *Fuller*, the plaintiffs produced expert testimony, but nevertheless could not establish that the termite inspection was negligently performed or that there was active termite infestation on the date of the inspection. The Court of Appeals stated:

3

[w]ithout proof that the inspection performed by Terminix fell below the normal standard of care or that termites were present when the Terminix inspection occurred. . ., the Fullers cannot prove any breach of duty by Terminix, nor that any act or omission by Terminix was the cause in fact or proximate cause of the damages claimed by the Fullers.

*Fuller*, at \*10. Thus, without expert testimony to refute Snyder's assertions, the Walkers "cannot prove any breach of duty" by the defendants in this cause.

The Walkers argue on appeal that the inspection report's limitation to the date of the inspection only makes it a contract of adhesion, contrary to Tennessee public policy. However, this argument was not raised to the trial court and therefore will not be considered on appeal. *See Landry v. Wood*, 936 S.W.2d 635, 637 (Tenn. App. 1996).

In sum, the Walkers failed to produce evidence to create a genuine issue of material fact as to whether Snyder's inspection of the home was negligent or whether there was an active infestation of termites on the date of inspection that should have been detected by a visual inspection. Therefore, the trial court did not err in granting the defendants' motion for summary judgment. The Walkers' argument that the inspection report is contrary to public policy was not raised in the trial court and therefore will not be considered on appeal.

The decision of the trial court is affirmed. Costs are assessed against the Appellants, for which execution may issue if necessary.

_____
**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**ALAN E. HIGHERS, J.**

_____
**DAVID R. FARMER, J.**

4